# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-09874 PA (JEMx) | Date | December 13, 2019 |
|---|---|---|---|
| Title | Sinoureh Sarah Amini v. Delaware North Companies Travel Hospitality Services Inc et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Management Services, Inc. and Delaware North Companies Travel Hospitality Services Inc. ("Defendants"). (Docket No. 1.) The Notice alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Here, the Notice of Removal states:

> At the time Plaintiff filed this civil action, Defendants allege based on information and belief that Plaintiff was a citizen and resident of the State

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09874 PA (JEMx) | Date | December 13, 2019 |
|---|---|---|---|
| Title | Sinoureh Sarah Amini v. Delaware North Companies Travel Hospitality Services Inc et al | | |

of California. Plaintiff alleges in the Complaint that she "was formerly employed by the defendants at LAX as Assistant General Manager." (Compl. ¶ 4.) Plaintiff was employed by Delaware North within the State of California from approximately July 2, 2018, until October 25, 2018. (Compl. ¶¶ 15, 31.) Delaware North alleges that Plaintiff's home address during the period when she worked at Delaware North was within the State of California. (Declaration of Lili Galicia ["Galicia Dec."] ¶ 3.) Delaware North alleges that there are no documents in Plaintiff's personnel file to suggest in any way that she is currently, or during the periods of her employment was, a resident or citizen of any state other than California. (Galicia Dec. ¶ 3.)

(Docket No. 1 ¶8.) Plaintiff's residence in California during a three-month period is insufficient to establish that Plaintiff is actually a citizen of California. Residence is not necessarily the same as domicile. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Defendants have not adequately alleged Plaintiff's intent to remain in California and thus have not adequately alleged Plaintiff's citizenship. Id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

For these reasons, the Court concludes that Defendants have not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 19TRCV00886, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.